# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
SONDRA BOSCHERT, as the
Personal Representative of the
Estate of ELMER JOSEPH
BOSCHERT, JR,
          Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

          Respondent.
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

No. 15-883V

Special Master Christian J. Moran

Filed: February 16, 2016

Stipulation; influenza ("flu") vaccine;
Guillain-Barré Syndrome ("GBS");
attorneys' fees and costs.

Andrew D. Downing, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner;
Ryan D. Pyles, U.S. Dep't of Justice, Washington, D.C., for Respondent.

## UNPUBLISHED DECISION[1]

On February 11, 2016, the respondent filed a joint stipulation concerning the petition for compensation filed by Sondra Boschert, as personal representative of the estate of Elmer Joseph Boschert, Jr.  In her petition, Ms. Boschert alleges that the influenza ("flu") vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), and which Elmer J. Boschert, Jr. received on or about September 11, 2013, caused him to suffer Guillain-Barré Syndrome ("GBS").  Petitioner further alleges that the development of GBS resulted in Elmer J. Boschert, Jr.'s death.  Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of the Estate of Elmer J. Boschert, Jr. as a result of his death.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website.  Pursuant to Vaccine Rule 18(b), a party has 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4).  Any redactions ordered by the special master will appear in the document posted on the website.

Respondent denies that Elmer J. Boschert Jr.'s death was caused-in-fact by his influenza vaccination, and denies that the vaccine caused any other injury.

Nevertheless, the parties agree to the joint stipulation, attached hereto as "Appendix A." The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages and attorneys' fees and costs, on the terms set forth therein.

Compensation awarded in that stipulation includes:

**A. A lump sum payment of $100,000.00, in the form of a check payable to petitioner, Sondra Boschert, as legal representative of the Estate of Elmer Joseph Boschert, Jr. This amount represents compensation for all damages that would be available under 42 U.S.C. §300aa-15(a);** and

**B. A lump sum of $19,544.47, in the form of a check payable jointly to petitioner and petitioner's attorney, Andrew D. Downing, of Van Cott & Talamante, PLLC, for attorneys' fees and costs available under 42 U.S.C. §300aa-15(e), and, in compliance with General Order #9, no out-of-pocket expenses were incurred by petitioner in proceeding on the petition.**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment in case 15-883V according to this decision and the attached stipulation.[2]

Any questions may be directed to my law clerk, Dan Hoffman, at (202) 357-6360.

**IT IS SO ORDERED.**

                                           s/Christian J. Moran
                                           Christian J. Moran
                                           Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| SONDRA BOSCHERT, as the Personal Representative of the Estate of ELMER JOSEPH BOSCHERT, JR., <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | No. 15-883V <br> Special Master Christian J. Moran <br> ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of the Estate of Elmer Joseph Boschert, Jr. (Mr. Boschert), petitioner filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries, resulting in death, allegedly related to Mr. Boschert's receipt of an influenza (flu) vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Mr. Boschert received his flu immunization on or about September 11, 2013.

3. The vaccine was administered within the United States.

4. Petitioner alleges that the flu vaccine caused Mr. Boschert develop Guillain-Barré syndrome (GBS), which in turn resulted in Mr. Boschert's death.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of the Estate of Elmer Joseph Boschert, Jr., as a result of Mr. Boschert's alleged injury and/or death.

1

6. Respondent denies that the flu immunization caused Mr. Boschert's alleged injury and/or any other injuries. Respondent further denies that the flu immunization contributed to, or resulted in, Mr. Boschert's death.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

> a. A lump sum of **$100,000.00** in the form of a check payable to petitioner as legal representative of the Estate of Elmer Joseph Boschert, Jr. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a); and
>
> b. A lump sum of **$19,544.47** in the form of a check payable jointly to petitioner and petitioner's counsel, Andrew D. Downing, Esq., for all attorneys' fees and litigation costs available under 42 U.S.C. § 300aa-15(e). Pursuant to General Order #9, petitioner represents that she advanced no reimbursable costs in pursuit of her claim.

9. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

10. Payments made pursuant to paragraph 8 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

11. Petitioner represents that she presently is, or within 90 days of the date of judgment

2

will become, duly authorized to serve as legal representative of the Estate of Elmer Joseph Boschert, Jr., under the laws of the State of Georgia. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as legal representative of the Estate of Elmer Joseph Boschert, Jr. If petitioner is not authorized by a court of competent jurisdiction to serve as legal representative of the Estate of Elmer Joseph Boschert, Jr., at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as legal representative of the Estate of Elmer Joseph Boschert, Jr., upon submission of written documentation of such appointment to the Secretary.

12. In return for the payments described in paragraph 8, petitioner, in her individual capacity and as legal representative of the Estate of Elmer Joseph Boschert, Jr., on behalf of herself, the Estate, and Mr. Boschert's heirs, executors, administrators, successors and/or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Mr. Boschert resulting from, or alleged to have resulted from, the vaccination administered on or about September 11, 2013, as alleged by petitioner in a petition for vaccine compensation filed on or about August 17, 2015, in the United States Court of Federal Claims as petition No. 15-883V.

13. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

14. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages.

15. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused Mr. Boschert's alleged injury and/or any other injury or his death; or that Mr. Boschert's death occurred as a result of a vaccine-related injury.

16. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representative(s) of the Estate of Elmer Joseph Boschert, Jr.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/

4

Respectfully submitted,

PETITIONER:

*[signature: Sondra Boschert]*
SONDRA BOSCHERT, as Personal
Representative of the Estate of
ELMER JOSEPH BOSCHERT, JR.

**ATTORNEY OF RECORD FOR PETITIONER:**

*[signature: Andrew Downing]*
ANDREW D. DOWNING
VAN COTT & TALAMANTE, PLLC
3030 N. Third Street, Suite 790
Phoenix, Arizona 85012
(602) 257-9160

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

*[signature: Vincent J. Matanoski]*
VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

*[signature]*
NARAYAN NAIR, M.D.
Acting Director, Division of
Injury Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

*[signature: Ryan D. Pyles]*
RYAN D. PYLES
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-9847

Dated: February 11, 2016